

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*/s/ Harlin DeWayne Hale*
**United States Bankruptcy Judge**

Signed June 01, 2012

---

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FAST AMERICAN RESTAURANTS, INC. | § | Case No. 10-37391-HDH-11 |
| HUGE AMERICAN RESTAURANTS, INC. | § | Case No. 10-37392-HDH-11 |
| | § | |
| Debtors | § | Jointly Administered Under |
| | § | Case No. 10-37391-HDH-11 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON DEBTORS' MOTION FOR SUMMARY JUDGMENT

On May 30, 2012, this Court considered *Debtors' Motion for Summary Judgment on Fritz Management, LLC's Request for Payment of Administrative Claim or, in the Alternative, (1) Motion to Dismiss for Improper Venue and (2) Motion to Deny Reserve Set Aside* (the "Motion"). At that time, the Court granted the Motion as to the unjust enrichment claims, denied the Motion as to the so called, "direct claims," and took under advisement the claims which are claimed to have arisen under the Asset Purchase Agreement ("APA") between Fast American Restaurants, Inc. and Huge American Restaurants, Inc. (the "Debtors") and Burger King Corporation ("BKC"). Those latter claims were assigned by BKC to Fritz Management, LLC ("Fritz"), the claimant herein, when Fritz

acquired certain stores from BKC. In these findings of fact and conclusions of law, those latter claims will be described as the "APA Claims."

The Debtors assert that the APA Claims are barred by the Debtors' Binding Settlement Agreement ("BSA") with BKC, which provides, *inter alia*, that BKC is precluded from asserting any claim against the Debtors unless the Debtors first sued BKC. The BSA further provided that such claims between the parties must be resolved in BKC's home court, the Southern District of Florida.

The Debtors did not bring such lawsuit against BKC within the time required, and BKC has not asserted any claims under the APA. The admissible summary judgment evidence, the BSA, the APA, and Mr. Tillotson's affidavit establish that there is no issue of material fact and that a summary judgment on the APA Claims is proper.

Fritz must stand in the shoes of BKC, its assignor, and from whom it purchased the stores. BKC agreed, in the BSA, that it would not start a fight with the Debtors or their principals unless they sued first, and only in Florida. As such action has not taken place, and may not now under the terms of the confirmed plan and confirmation order, Fritz may not initiate claims under the APA here.

Fritz made the determination to close on the sale and to make the representation that it had inspected the assets and was buying them based on its own inspection on an "as is" basis. It has waived its right to assert that repairs should have been done prior to closing.

Accordingly, the Motion is granted as to the APA claims.

Counsel for Debtors shall prepare an order consistent with these findings and those given in open court, and upload same within fourteen (14) days.

###END OF ORDER###